**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RICKIE L. BURDO,<br><br>    Plaintiff,<br><br>vs.<br><br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | 2:17-cv-02203-APG-VCF<br><br><br><br>**REPORT AND RECOMMENDATION** |

  This matter involves Plaintiff Rickie's L. Burdo's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Burdo's Motion for Reversal or Remand (ECF No. 14) and the Commissioner of Social Security's Motion to Affirm (ECF No. 17). For the reasons stated below the Court recommends denying Burdo's motion to reverse or remand and granting the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

  The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

  The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

**DISCUSSION**

**I.      Factual Background**

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Burdo suffered from a severe combination of impairments including degenerative disc disease, disorder of the back and spine. (AR 31).[1] The ALJ examined relevant medical evidence including opinions and reports of a treating physician (Dr. Brian Lee), opinions of examining physicians (Dr. Sep Brady and Dr. Zev Lagstein), opinions of consulting physicians (Dr. Robert Hughes and Dr. Navdeep S. Dhaliwal), and records of medical treatment and visits to physicians. (AR 32-36).  The ALJ found that Plaintiff would be able to perform his past relevant work as a meter reader and driver supervisor, thus the ALJ denied his social security benefits. (AR 35-36).

Burdo argues that despite acknowledging Plaintiff's use of a prescribed cane, the ALJ failed to make a finding as to whether the cane was medically necessary and/or account for the cane in determining

---

[1] AR signifies a citation to the administrative record.

Plaintiff's residual functional capacity (RFC). Burdo states that the ALJ's error is not harmless. Burdo also argues that the ALJ erred by failing to consider the medical opinion evidence in accordance with the regulations, Agency policy, and Ninth Circuit procedure. Burdo states that if an ALJ's RFC conflicts with opinions of medical sources, she must explain why the opinion(s) was not adopted, and the reasons given must: "…always (be) good reasons…(and)…contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record…" SSR 96-2p.

Burdo's treating physician, Dr. Lee, opined that in July 2014, Plaintiff's herniated and degenerative spine disease resulted in significant functional limitations. (ECF NO. 14 at p. 10). Dr. Lee found that Burdo can sit for 10 minutes at a time or 2 hours total in an 8-hour workday; stand for 15 minutes at a time, walk not even one city block, and stand/walk for less than 2 hours of an 8-hour workday. Dr. Lee prescribed Burdo with the back brace and a cane for occasional standing and walking, and opined that Burdo can never safely lift and carry any amount of weight during an 8-hour workday. On March 10, 2015, Dr. Lee opined that Plaintiff's functional capacity is less than sedentary. He indicated that Plaintiff can lift 10 pounds occasionally, and carry 10 pounds on a negligible basis. Burdo cannot use his hands for repetitive activities such as grasping, fine manipulation, or keyboarding. Burdon cannot sit or stand or long periods, and cannot lift, push, or bend occasionally. Dr. Lee did a third statement on August 10, 2015, and noted that Burdo's pain is unlikely to get better and Burdo's impairment prevents him from sitting upright for 6-8 hours, and he would need to stand up after sitting for approximately 10 minutes. *Id.*

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Burdo is not disabled.

**Discounting the Treating Physician's Opinion**

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The

rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

However, the ALJ does not need to automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*

Here, the ALJ gave partial weight to Dr. Lee's opinions. The ALJ noted Plaintiff's testimony that he has a cane and a back brace that was prescribed by Dr. Lee. (AR 33). The ALJ also acknowledged in the residual functional capacity analysis (RFC) that Dr. Lee prescribed the walking cane on March 9, 2015. *Id.* The ALJ stated that Dr. Lee's opinions are "inconsistent with the objective medical testing and imaging, internally inconsistent with one another, the treatment provided to the claimant by Dr. Lee, which generally consists of medication (Suboxone) refills, and the objective medical testing referred to demonstrate mild to moderate lumbar spine issues." (AR 34).

Dr. Lee opined in July 2014, that Plaintiff was essentially unable to work (AR 272). He indicated that Plaintiff would never be able to lift and carry less than 10 pounds, and needed the use of a back brace and cane (AR 33, 270-72). However, treatment notes from May 2015, show Plaintiff reported working as

a full time truck driver (AR 33, 309). Thus, Dr. Lee's statement that Plaintiff was incapable of any work or activity, were contradicted by Plaintiff's own reports to other providers that indicated he was working. Activities that conflict with a physician's opinion of limitations are a legitimate basis for the ALJ to consider in determining the weight that physician's opinion deserves. *Id* at 601-02; *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 2001). In addition, to Plaintiff's reports that he was currently employed as a truck driver, the ALJ also noted his hearing testimony, where he reported feeding his dogs, performing light housework such as wiping the counters, sweeping, loading the dishwasher, walk down the street to pick up the mail, and helping to prepare simple meals, were all contrary to the extreme limitations assessed by Dr. Lee (AR 33, 59-60, 62).

The ALJ also assessed Dr. Zev Lagstein's opinion.  Dr. Lagstein did an orthopedic consultative exam in 2014.  Dr. Lagstein opined that Plaintiff could perform a reduced range of medium work, lifting and carrying 50 pounds occasionally, and 25 pounds frequently, and standing, walking, and sitting for up to 6 hours in an 8-hour workday.  (AR 34).  Dr. Lagstein opined that lumbar spine findings seem to be quite mild or moderate at the worst on the most recent imaging with no clinical evidence of sciatica or neuropathy.  *Id.*  The ALJ assigned Dr. Lagstein's opinion partial weight, "because the medical evidence of record along with the claimant's subjective complaints support finding that he is somewhat more limited than Dr. Lagstein's assessment suggests." *Id.*

The ALJ assigned great weight to the opinions of Dr. Robert Hughes, a disability determination services physician, and Dr. Navdeep S. Dhaliwal, who affirmed Dr. Hughes' opinion.  Dr. Hughes reviewed the evidence at the initial level of adjudication, assessed a reduced range of light work, which was affirmed at the reconsideration level by Dr. Dhaliwal. (AR 34-25, 87-90, 100-04). The ALJ accepted the opinions of Dr. Hughes and Dr. Dhaliwal because these opinions were consistent with medical evidence, and they were based upon the record as a whole.  (AR 35).  When presented with contradicting medical evidence, as here, the ALJ is "responsible for determining credibility and resolving conflicts in

medical testimony," which involves considering and according weight to the medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Evidence in the record supports the ALJ's analysis of the conflicting opinions of the physicians.

The Court finds that the ALJ based her determination on substantial evidence in the record. The ALJ provided clear and specific reasons for rejecting Dr. Lee's opinion and Plaintiff's personal testimony. Therefore, the Court recommends denying Burdo's motion to reverse or remand and granting the Commissioner's motion to affirm.

ACCORDINGLY,

IT IS RECOMMENDED that be Burdo's Motion for Reversal or Remand (ECF No. 14) DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 17) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 13th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE